<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 04-1151**

————————————

DAVID BRYTE, Personal Representative of the
Estate of Lova E. Bryte, deceased; DAVID
BRYTE; KATHY B. SMITH; JAMES B. SMITH; M. E.
SMITH, a minor, by and through her legal
guardian, Kathy B. Smith; DONNA J. MILLER,

                                    Plaintiffs - Appellees,

        versus

AMERICAN HOUSEHOLD, INCORPORATED, formerly
known as Sunbeam Corporation; SUNBEAM
PRODUCTS, INCORPORATED,

                                    Defendants - Appellants,

        and

SEARS ROEBUCK AND COMPANY,

                                    Defendant.

————————————

**No. 04-1561**

————————————

DAVID BRYTE, Personal Representative of the
Estate of Lova E. Bryte, deceased; DAVID
BRYTE; KATHY B. SMITH; JAMES B. SMITH; M. E.
SMITH, a minor, by and through her legal
guardian, Kathy B. Smith; DONNA J. MILLER,

                                    Plaintiffs - Appellees,

        versus

AMERICAN HOUSEHOLD, INCORPORATED, formerly known as Sunbeam Corporation; SUNBEAM PRODUCTS, INCORPORATED,

Defendants - Appellants,

and

SEARS ROEBUCK AND COMPANY,

Defendant.

_____

**No. 04-2016**
_____

DAVID BRYTE, Personal Representative of the Estate of Lova E. Bryte, deceased; DAVID BRYTE; KATHY B. SMITH; JAMES B. SMITH; M. E. SMITH, a minor, by and through her legal guardian, Kathy B. Smith; DONNA J. MILLER,

Plaintiffs - Appellees,

versus

AMERICAN HOUSEHOLD, INCORPORATED, formerly known as Sunbeam Corporation; SUNBEAM PRODUCTS, INCORPORATED,

Defendants - Appellants.

_____

**No. 04-2029**
_____

DAVID BRYTE, Personal Representative of the Estate of Lova E. Bryte, deceased; DAVID BRYTE; KATHY B. SMITH; JAMES B. SMITH; M. E. SMITH, a minor, by and through her legal guardian, Kathy B. Smith; DONNA J. MILLER,

Plaintiffs - Appellants,

-2-

versus

AMERICAN HOUSEHOLD, INCORPORATED, formerly known as Sunbeam Corporation; SUNBEAM PRODUCTS, INCORPORATED,

Defendants - Appellees.

---

Appeals from the United States District Court for the Northern District of West Virginia, at Elkins. Richard L. Williams, Senior District Judge, sitting by designation, and John S. Kaull, Magistrate Judge. (CA-00-93-2)

---

Argued: May 26, 2005                    Decided: August 2, 2005

---

Before WIDENER, NIEMEYER, and LUTTIG, Circuit Judges.

---

Affirmed in part and reversed in part by unpublished per curiam opinion.

---

**ARGUED:** John Howard Williams, Jr., ECKERT, SEAMANS, CHERIN & MELLOTT, P.L.L.C., Pittsburgh, Pennsylvania, for American Household, Incorporated, fka Sunbeam Corporation, and Sunbeam Products, Incorporated. George Edward McLaughlin, MCDERMOTT, HANSEN & MCLAUGHLIN, Denver, Colorado, for M. E. Smith, a minor, by and through her legal guardian, Kathy B. Smith; David Bryte, Individually and as Personal Representative of the Estate of Lova E. Bryte, deceased; Kathy B. Smith; James B. Smith; Donna J. Miller. **ON BRIEF:** John E. Hall, ECKERT, SEAMANS, CHERIN & MELLOTT, P.L.L.C., Pittsburgh, Pennsylvania, for American Household, Incorporated, fka Sunbeam Corporation, and Sunbeam Products, Incorporated. William J. Hansen, MCDERMOTT, HANSEN & MCLAUGHLIN, Denver, Colorado, for M. E. Smith, a minor, by and through her legal guardian, Kathy B. Smith; David Bryte, Individually and as Personal Representative of the Estate of Lova E. Bryte, deceased; Kathy B. Smith; James B. Smith; Donna J. Miller.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lova E. Bryte died in a tragic fire in her home in Bruceton Mills, West Virginia, on October 23, 2000. Her family (the "Brytes") commenced this action against Sunbeam Corporation and related companies ("Sunbeam"), alleging that the fire was caused by a defective electric throw. At trial, the district court granted Sunbeam's motion for judgment as a matter of law on the ground that the Brytes failed to prove their causes of action against Sunbeam.

This appeal involves challenges by both parties of numerous collateral orders entered by the district court, some of which we now affirm and some of which we now reverse, as indicated below.

I

The Brytes challenge the district court's taxation of court costs against them. After Sunbeam submitted a bill of costs to the clerk of the court and the Brytes filed objections, the clerk taxed costs against the Brytes in the amount of $29,230.89. The Brytes, however, failed to file a timely motion for review by the district court of the clerk's action, and the district court accordingly did not review the costs assessed. Federal Rule of Civil Procedure 54(d)(1) provides that "[o]n motion served within 5 days [of the clerk's taxing of costs], the action of the clerk may be reviewed by the court." (Emphasis added). Because the

Brytes did not file their objection to the clerk's taxing of costs until 14 days thereafter, they lost their right to have the court review the clerk's action. Accordingly, we affirm the award of costs.

II

Sunbeam challenges the district court's order imposing sanctions of $13,736 against Sunbeam for the alleged spoliation of evidence. The Brytes sought a broad array of remedies as sanctions for Sunbeam's destruction, under its retention policy, of electric bedding products that were returned to Sunbeam and were not the subject of this action. The district court denied all of the relief requested, noting that the Brytes' expert witnesses

> did not need the missing blanket remains in order to formulate their opinions for use in the action. . . . Therefore, [the Brytes] have suffered no damage as a result of Defendant Sunbeam's destruction of blanket remains. Absent proof of damage, Plaintiffs are not entitled to an adverse inference instruction or to the other extraordinary remedies they seek.

Nonetheless, the court awarded the Brytes the fees incurred in pursuing their motion.

We conclude that the imposition of this sanction was error because the Brytes did not prevail on their motion. Federal Rule of Civil Procedure 37(a)(4)(A) states, "[i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose

conduct necessitated the motion" to pay the moving party "reasonable expenses." (Emphasis added). Because the Brytes' motion was not granted, the district court should not have awarded attorneys fees to the Brytes. Accordingly, we reverse this order.

III

Sunbeam also challenges the district court's sanctions of $29,890 to reimburse the Brytes for expenses in traveling to Michigan to review product remains that had been withheld from earlier discovery productions. The district court found that Sunbeam improperly destroyed blanket remains that should have been preserved for discovery. Because of the misconduct, the district court determined that "the only and best evidence remaining is the notes, reports, photographs and other documents pertaining to the remains." Because the court had "no reasonable way to identify from the multitude of conflicting lists presented to the parties what blanket remains existed, when they existed, what was destroyed and when the same were destroyed," the court ordered the production and the inspection of remains or other materials (including notes or photographs) relating to the destroyed evidence on site in Birmingham, Michigan. The court also ordered that Sunbeam pay the Brytes the expenses incurred for counsel and experts in reviewing the products' remains. Finding no abuse of discretion in the entry of this order, see Strag v. Board of Trustees, 55 F.3d 943, 954 (4th Cir. 1995), we affirm this order.

IV

Sunbeam next challenges the district court's orders imposing sanctions of $19,350 for attorney fees and expenses incurred by the Brytes in opposing Sunbeam's motions for protective orders.

Seeking to limit discovery to this case and to deny the Brytes' counsel the right of sharing discovery with other litigants in other cases, Sunbeam filed various motions for protective orders. On three separate occasions, the district court actually entered protective orders in favor of Sunbeam. But in connection with Sunbeam's amended motion for protective order and second amended motion for protective order, the Brytes substantially prevailed. The court granted only limited protection with respect to certain Sunbeam design documents. After the Brytes' success, they filed a motion for $28,000 in expenses incurred in opposing the protective orders, and the district court awarded them $19,350. In doing so, we believe that the district court erred.

Rule 37(a)(4)(B) provides that the court has discretion to deny expenses to the prevailing party where "the court finds that the making of the motion was substantially justified." In this case, Sunbeam had a legitimate interest in filing motions with the court seeking protection from unfettered dissemination of its proprietary, confidential, trade secret and private documents. It also had a legitimate interest in limiting discovery to this case,

thus opposing the Brytes' efforts to expand the benefits of discovery to other cases where the Brytes' counsel were representing plaintiffs in product litigation. At the very least, a reasonable person could differ as to the appropriateness of the contested action. See Pierce v. Underwood, 487 U.S. 552, 565 (1988) (noting that "substantially justified" means a "genuine dispute" where "reasonable people could differ as to [the appropriateness of the contested action]" (citations and internal quotation marks omitted)).

Because Sunbeam's position was substantially justified, we reverse the entry of this order imposing sanctions.

V

Both parties challenge the district court's imposition of sanctions in connection with a false affidavit filed by the Brytes. The district court concluded that an affidavit submitted by the Brytes was "errant to the point of potentially being misleading to anyone who could read it." The court accordingly invited Sunbeam to submit its expenses "for consideration for payment." Sunbeam claimed that it spent $31,240 in having the false affidavit stricken. The district court, however, reduced Sunbeam's claim to $9,000. Sunbeam challenges the reduction of the amount of sanctions, and the Brytes challenge the imposition of any sanctions.

Having reviewed the matter, we cannot find that the district court abused its discretion, and accordingly we affirm.

## VI

Sunbeam challenges the Brytes' spoliation of evidence, namely its destruction of the remains of the fire including the electric throw's power cord, the electrical receptacle, and other remains. Shortly after the fire, David Bryte cleaned out the house, throwing the burnt remains away. Sunbeam's counsel admitted that David Bryte did not destroy the evidence to prevent Sunbeam from investigating the case, and the magistrate judge concluded, "David Bryte did nothing that I wouldn't have done under the same or similar circumstances."

Even though Sunbeam was denied evidence that might have been useful in defending the claims that the electric throw was defective, we agree with the district court that sanctions should have been denied. Indeed, we now question whether the issue remains a live one in view of the district court's decision in favor of Sunbeam on the merits for judgment as a matter of law. It is at most conditional. Nonetheless, we affirm.

## VII

Sunbeam challenges the district court's refusal to allow Sunbeam to depose a witness after the conclusion of trial pending appeals to our court. Sunbeam learned that an insurance adjustor

had taken a tape-recorded statement from one of the Brytes, in which the witness contradicted some of the evidence that the Brytes gave at trial. Sunbeam sought to preserve this evidence pending appeal in the event that the judgment in their favor is reversed on appeal.

Federal Rule of Civil Procedure 27(b) specifically authorizes the perpetuation of testimony while a case is on appeal for use in the event of further proceedings in the district court. But allowing such depositions falls within the discretion of the district court. See Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 479 (4th Cir. 1999).

While it might have been a better to have allowed Sunbeam to take the deposition in this case, because there is no evidence that the tape-recorded statement is at risk of loss, we cannot find that the district court abused its discretion in denying the right to take the deposition.

VIII

Finally, Sunbeam seeks relief from the district court's order directing Sunbeam to stay adherence to its document retention policy "while this claim is in litigation." Sunbeam filed a motion with the district court after judgment was entered in its favor to obtain clarification from the district court that the stay was no longer in effect. The district court never expressly ruled on the

motion, and Sunbeam expresses concern that it was effectively denied by a blanket order entered July 22, 2004.

We agree with Sunbeam that it remains unclear whether Sunbeam's motion was necessary or whether it was denied. But in any event, with the entry of final judgment and completion of appeals, the stay entered with respect to Sunbeam's retention policy will be lifted by the terms of the stay order. Accordingly, we confirm that if Sunbeam is successful in the appeal on the merits, it will no longer be bound by the stay order.

As indicated above, the various orders of the district court are

<u>AFFIRMED IN PART AND REVERSED IN PART</u>.